UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| PEGASUS TRUCKING, LLC<br>*Plaintiff* | §<br>§<br>§ |
| v. | § Case No.:3:23-cv-00059 |
| | § |
| AFFILIATED FM INSURANCE<br>COMPANY<br>*Defendant* | §<br>§<br>§ |

## PEGASUS TRUCKING, LLC'S ORIGINAL PETITION

COMES NOW, Pegasus Trucking, LLC, Plaintiff herein ("Pegasus" and/or "Plaintiff"), and files this its Original Petition against Affiliated FM Insurance Company ("AFM" and/or "Defendant") and alleges the following:

## I.
## PARTIES AND SERVICE

1. Plaintiff, Pegasus Trucking, LLC, is a Delaware limited liability company and authorized to do business in Texas. Michael Fallas is the sole member of Pegasus and is domiciled in California.

2. AFM is a Rhode Island insurance company whose principal place of business is 270 Central Avenue, Johnston, Rhode Island 02919. AFM is doing business in Texas and can be served by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

## II.
## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the properly joined parties.

4. Pegasus is a limited liability company. A limited liability company is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079–80 (5th Cir.2008). Michael Fallas is the sole member of Pegasus and is domiciled in California; therefore, Pegasus is a citizen of California.

5. AFM is a corporation. The citizenship of a corporation is determined by the state in which it is incorporated and the state of its principal place of business, which is the state in which its nerve center is located. 28 U.S.C. § 1332(c)(1); *Hertz* Corp*. v. Friend,* 559 U.S. 77, 80–81 (2010). AFM was incorporated in Rhode Island and has its principal place of business in Rhode Island. As a result, AFM is a citizen of Rhode Island.

6. Because Pegasus is a citizen of California and AFM is a citizen of Rhode Island, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

7. This Court has personal jurisdiction over Defendant. Defendant is licensed to do business and, in fact, does substantial business in Texas.

8. The Western District of Texas is a proper venue for this lawsuit pursuant to 28 U.S.C. § 1391(b)(2) because this jurisdiction maintains a substantial connection to the claim and the property that is the subject of the action is situated in El Paso, Texas. The facts further show that the convenience of the parties and the witnesses and the interests of justice would be best served in this district.

## III.
## AGENCY AND RESPONDEAT SUPERIOR

6.  Whenever in this petition it is alleged that the Defendant did any act or omission, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such act or omission.  Moreover, that such acts and/or omissions were done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

## IV.
## FACTS

7.  Pegasus' property is located at 301 East San Antonio Avenue, El Paso, Texas, 79901, which is comprised a the Fallas Department Store, 9-story building consisting of approximately 212,000 square feet, and the Fallas Discount Store/Apartment Complex, a 5-story building consisting of approximately 26,852 square feet.  This property was negatively affected during the February 2021 freeze throughout Texas when the buildings sustained water damages due to ruptured pipes.  Pegasus had purchased insurance Policy Number SR202 from AFM for its property, and other covered risks, at this and several other locations throughout the United States, for the applicable term from October 26, 2020 to October 26, 2021.  This policy insured Pegasus' property against damage and physical loss caused by, among other things, water damage due to the freeze.  Pegasus timely reported this loss to AFM, to which Claim Number 511001 was assigned.

8.  After AFM inspected the property, and demolition work was done by Pegasus' contractor, for which Pegasus submitted the invoice of P&K Builders in the amount of $826,444.32.  AFM further provided an estimate of costs for necessary repairs authored by its consultant, MKA International ("MKA"), which totaled a repair cost of $1,201,571.16.  On March

4, 2022, Pegasus presented an estimate of costs for necessary repairs, authored by Jesus Schuldes, of Peritia Partners ("Peritia"), which totaled a repair cost of $3,011770.72.

9. On March 30, 2022, AFM responded to the Peritia valuation by, not only rejecting the Pertita repair estimate, but providing a new estimate by Bill Eaton, Cotton Global Disaster Solutions ("Cotton CGD"), which totaled $993,423.31 for the reconstruction costs. Additionally, AFM identified several categories of the Peritia estimate that AFM dismissed entirely, including Peritia's estimate for contingency, escalation and professional fees/consultant costs.

10. On or about April 8, 2022, Pegasus sent correspondence in response to AFM's rejection of the Peritia valuation in an attempt to further the discussion regarding the vast disparity between the MKA and Peritia valuations as to the repair portion of Pegasus' claim, as well as to identify losses associated with damages from loss of rental income. Despite numerous follow up correspondences requesting AFM's response, AFM gave no substantive response or timeframe during which such a substantive response could be anticipated. As such, it became clear that Pegasus and AFM failed to agree on the amount of loss.

11. On May 13, 2022, Pegasus provided AFM with Pegasus' formal notice and demand to invoke the Appraisal Process for Claim Number 511001.

12. On May 25, 2022, AFM sent correspondence in response to the May 13, 2022, letter from Pegasus. In this response, AFM rejected the demand for appraisal on the premise that the demand for appraisal was premature because no sworn proof of loss had been submitted, an examination under oath was being requested, and certain documentation was required, including support for loss of rental income, which Pegasus thereafter released from its claimed damages. Further, on or about July 26, 2022, in light of the continued delay, Pegasus and AFM engaged in a conference call and discussed the continued delay in AFM's investigation of Claim Number

511001, and the rejection of Pegasus' appraisal demand. Pegasus also advised AFM that an AFM representative was available anytime for an examination under oath.

13. On August 5, 2022, Pegasus timely submitted its proof of loss for Claim Number 511001, along with reiteration that a Pegasus representative was available any time for an examination under oath, and also renewing its demand to invoke the appraisal/umpire process within seven calendar days. AFM has not provided any indication that it is withdrawing its previous rejection of Pegasus' appraisal demand. Rather, AFM confirmed, in correspondence dated August 11, 2022, that it would not agree to initiate the appraisal/umpire process until an examination under oath was completed and Pegasus provided information on all damages.

14. Examinations under oath of Pegasus representatives, Michael Fallas and Stuart Rubin, were completed on or about November 8, 2023. Thereafter, numerous requests to initiate the appraisal process were made to AFM, which were either ignored or met with stall tactics.

## V.
## CAUSES OF ACTION

**A.   DECLARATORY JUDGMENT**

15. Pegasus prays for relief under the Texas Declaratory Judgment Act, Chapter 37, TEXAS CIVIL PRACTICE & REMEDIES CODE.

16. Section 37.004 states, in part, that "A person interested under a … written contract … may have determined any question of construction or validity arising under the … contract … and obtain a declaration of rights, status, or other legal relations thereunder. TEX. CIV. PRAC. & REM. CODE §37.004.

17. In this litigation, Pegasus and AFM disagree on whether Pegasus has the right to invoke the appraisal process under the contract at issue, i.e. insurance policy SR202.

18. Pegasus has provided a written demand to invoke the appraisal process. AFM rejected that demand, claiming that the demand is premature. Pegasus has submitted its proof of loss, and all other conditions precedent have been performed, offered to be performed, excused, waived or otherwise deemed to have been satisfied; therefore, Pegasus disagrees that its demand for appraisal is premature.

19. Pegasus therefore seeks a declaration that under the contract, the appraisal process is invoked regarding the amount of loss for Pegasus' claim.

20. In connection with this prayer for declaratory relief, Pegasus prays for recovery of its reasonable and necessary attorneys' fees, costs, and expenses, as are equitable and just all as allowed by §37.009, TEXAS CIVIL PRACTICE & REMEDIES CODE.

**B.    BREACH OF CONTRACT**

21. Pegasus re-pleads, re-states, and re-alleges the previous paragraphs as if set forth fully herein.

22. Pegasus and AFM entered into a valid, enforceable contract (insurance policy number SR202), through which AFM had a duty to investigate and pay Pegasus policy benefits for claims made for damages caused by covered perils. The policy provides, however, that "[i]f the Insured (Pegasus) and this Company (AFM) fail to agree on the amount of loss," either can invoke the Appraisal process upon written demand to initiate the Appraisal process.

23. By including the appraisal provision in the insurance policy, Pegasus and AFM have agreed on the method for determining the amount of loss with regard to a given claim, should a disagreement arise. Here, Pegasus and AFM fail to agree on the amount of the loss arising from the covered loss, the freeze that occurred on or about February 16, 2021, and subsequent water damage.

24. Pegasus provided AFM with its written demand to invoke the Appraisal process, after the associated policy provisions had been performed, offered to be performed, excused, waived or otherwise deemed to have been satisfied, and also submitting a sworn proof of loss.

25. AFM has breached the policy in question because, in response to Pegasus' written demand for Appraisal, rejected Pegasus' demand for Appraisal, thereby causing Pegasus to sustain damages associated with its inability to repair the property in order to resume its retail and rental purposes.

26. AFM's breach of the contract has caused Pegasus to suffer damages as described in this this petition, which are in excess of this Court's minimum jurisdictional amount.

## VI.
## MOTION TO COMPEL APPRAISAL PROCESS

27. As mentioned above, Pegasus and AFM agreed on the method for determining the amount of loss with regard to a given claim. According to the contract between Pegasus and AFM, should a disagreement arise, either party can invoke the Appraisal process. Here, Pegasus and AFM fail to agree on the amount of the loss arising from the covered loss.

28. Pegasus provided AFM with its written demand to invoke the Appraisal process, yet, AFM rejected Pegasus' demand for Appraisal. Pegasus suffered damages associated with its inability to repair the property in order to resume its retail and rental purposes.

Pegasus moves this Court to compel AFM to engage in the Appraisal process AFM is contractually obligated to fulfill.

## VII.
## ATTORNEYS' FEES

29. Pegasus would show that, due to AFM's conduct as described in this petition, Pegasus hired the law firm of Peckar & Abramson, P.C., licensed attorneys, to represent it, and

Pegasus has agreed to pay said attorneys a reasonable fee for their services. Pegasus is entitled to recover these attorneys' fees under any applicable statute and/or law, including, but not necessarily limited to, Chapters 37 and 38 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

## VIII.
## CONDITIONS PRECEDENT

30. All conditions precedent for Pegasus to bring this action have been performed, excused, occurred, waived or otherwise deemed to have been satisfied.

## IX.
## PRAYER

31. Pegasus respectfully requests that, upon final hearing and trial hereof, this Court grant to Plaintiff Pegasus Trucking, LLC such relief as to which it may show itself justly entitled, either at law or in equity, either general or special, including a declaration that Pegasus' demand for appraisal is proper and that the appraisal/umpire process should be initiated, judgment against Defendant Affiliated FM Insurance Company for actual damages, attorneys' fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading. Pegasus also respectfully requests that this Court grant Plaintiff Pegasus Trucking, LLC's Motion to Compel Defendant Affiliated AFM Insurance Company to engage in the Appraisal process the parties are obligated to fulfill.

Respectfully submitted,

**PECKAR & ABRAMSON, P.C.**

By: _/s/ Jeffrey A. Strauss_
JEFFREY A. STRAUSS
Texas State Bar No. 24041982
jstrauss@pecklaw.com
8080 N. Central Expressway
Dallas, TX 75206
Telephone: 214-523-5100
Facsimile: 214-521-4601

**ATTORNEY FOR PLAINTIFF
PEGASUS TRUCKING, LLC**